```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
REGIONAL EMPLOYERS' ASSURANCE       :   CIVIL ACTION
LEAGUES VOLUNTARY EMPLOYEES'        :
BENEFICIARY ASSOCIATION TRUST,      :
                Plaintiff,          :
                                    :
     v.                             :   NO. 03-6903
                                    :
GRETCHEN HUTTO CASTELLANO,          :
                Defendant.          :
_____ :
                                    :
GRETCHEN HUTTO CASTELLANO,          :
     Counterclaim Plaintiff,        :
                                    :
     v.                             :
                                    :
REGIONAL EMPLOYERS' ASSURANCE       :
LEAGUES VOLUNTARY EMPLOYEES'        :
BENEFICIARY ASSOCIATION TRUST by    :
Pennmont Benefit Services, Inc.,    :
Plan Administrator, et al.,         :
     Counterclaim Defendants.       :
_____ :
```

**MEMORANDUM AND ORDER**

Presently before the Court is a discovery dispute regarding privilege assertions made during a deposition. Counsel for the Defendant/Counterclaim Plaintiff Gretchen Hutto Castellano ("Mrs. Castellano"), has objected to a series of questions put forth by Plaintiff's counsel at Mrs. Castellano's deposition held on March 19, 2007, and the continuation of that deposition on July 11, 2007. The sole basis for this objection was that the questions violated Mrs. Castellano's attorney-client privilege. Mrs. Castellano has filed a counterclaim in which she accuses the Counterclaim Defendants, including Plaintiff's

attorney, John J. Koresko, V, Esquire, and others, of breach of contract, breach of fiduciary duty, conversion, RICO, and ERISA violations.  During the deposition, Plaintiff's counsel asked Mrs. Castellano questions regarding any investigation she may have made regarding the facts set forth in her Counterclaim.  Counsel for Mrs. Castellano, Ira B. Silverstein, Esquire, directed her not to answer these questions.  It appears from the March 19, 2007 transcript that Mr. Silverstein's directive to his client was based upon his client's right to assert her attorney-client privilege.

       The Plaintiff filed a Motion for Protective Order and for Sanctions.  On April 24, 2007, the Honorable Clifford Scott Green heard argument regarding Mr. Silverstein's directive to his client.  While Judge Green did not rule upon the objections at the time of argument, he opined that "[w]ell, if the communication that you give to her is then set forth as the basis for a complaint, the filing of that complaint in a courtroom would seem to me to waive any privilege as it relates to it."  Tr., 04/24/07, p. 22.  Judge Green also stated that, "I'm almost ready -- if you're not going to have her tell us her basis for her information which she based her lawsuit on then, you know, if she were to -- . . . -- if she were to persist in that position I would be inclined to strike your counterclaim."  Id., p. 25.

       During the colloquy between Judge Green and counsel,

Mr. Silverstein informed the Court that he would brief the issue in support of his position.  Subsequently, Judge Green referred this discovery matter to Magistrate Judge Henry S. Perkin for the purpose of monitoring Mrs. Castellano's deposition.  After a conference call between the Court and counsel on June 14, 2007, the deposition was scheduled for July 11, 2007, in Courtroom 4A of the Edward N. Cahn U.S. Courthouse and Federal Building in Allentown, Pennsylvania.  At no time prior to the scheduled deposition of July 11, 2007, did Mr. Silverstein file or submit a brief in support of his position.  Further, at the time of the conference call with Judge Perkin, neither counsel informed the Court that the issue of privilege had not been resolved by the parties.  At the commencement of the July 11 deposition, Plaintiff's counsel informed the Court that Mrs. Castellano's counsel was preventing Mrs. Castellano from answering his questions regarding the source of facts or supporting investigation leading to the averments in the Counterclaim.  The deposition was adjourned until July 13, 2007 and counsel were directed to submit legal memoranda to the Court no later than 1:00 PM on July 12, 2007.  Counsel for the parties have complied and this issue is now ready for disposition.

      This case is premised upon federal question jurisdiction, therefore federal common law governs the evidentiary privileges, rather than state law.  <u>Wm. T. Thompson</u>

Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 103 (3d Cir. 1982).  The United States Court of Appeals for the Third Circuit has enumerated the traditional elements of the attorney-client privilege:

> The privilege applies only if: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

In re Grand Jury Investigation, 599 F.2d 1224, 1233 (3d Cir. 1979)(citing U.S. v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950)); see also Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3d Cir. 1994)(citing 8 Wigmore, Evidence, § 2292, at 554 (J. McNaughton rev. 1961)).

In Westinghouse v. Republic of the Philippines, 951 F.2d 1414 (3rd Cir. 1991), the United States Court of Appeals for the Third Circuit noted that, "[b]ecause the attorney-client privilege obstructs the truth-finding process, it is to be construed narrowly."  Id. at 1423. (citations omitted).  The Court emphasized that the privilege extends only to communications necessary for obtaining informed legal advice

4

which might not otherwise have occurred.  Only the communication between the attorney and the client itself is privileged; the underlying facts as well as the factual circumstances surrounding the attorney-client relationship is not privileged.  <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389 (1981).  A review of the transcript from the March 13, 2007 deposition indicates to this Court that the questions asked by Attorney Koresko were proper and could have been answered by Mrs. Castellano without revealing any privileged information.

During the deposition, Attorney Silverstein stated, when his client was asked to look at a document, "Gretchen, to the extent you are asked questions about seeing the documents, to the extent anything or knowledge comes through me or any of the lawyers in my office or the lawyers working for you, you are not required and I'm instructing you not to answer that."  3/19/07 Dep., p. 38.  This advice to Mrs. Castellano given during the deposition resulted in a downward spiral of conduct between counsel, and was erroneous according to the following:

> No misconception seems to be more common among litigators asserting the attorney-client privilege than the belief that if a document or draft has been through the hands of a lawyer, it is thereby automatically privileged from disclosure. If a lawyer is merely copied on documents prepared for reasons other than obtaining legal advice, the privilege is erroneously asserted and will not attach. Insulation from discovery cannot be so readily or fraudulently obtained.

In re Asousa Partnership, 2005 WL 3299823, *2 -3 (Bkrtcy. E.D. Pa. 2005)(quoting Edna Selan Epstein, The Attorney-Client Privilege and the Work Product Doctrine 153-54 (3d ed. 1997)).

Mr. Silverstein argues that the question "what investigation of facts did you make" requires his client to divulge communications with her counsel regarding any investigation. He further argues that "[t]herefore, to the extent that Ms. Castellano has asserted facts, not communications, within her complaint, then she has not waived the attorney-client privilege, even if her attorney was the source of the factual information." Silverstein Ltr., p. 7. It appears to this Court that counsel is attempting to avoid an admission on the record that the only source of factual information underlying the Counterclaims in this case was counsel. By making certain allegations in the Counterclaim, Mrs. Castellano and her counsel have placed the conduct of the Counterclaim Defendants at issue in this case, and the attorney-client privilege is therefore waived with respect to all communications that could reveal what impacted or should have impacted that decision. First Fidelity Bancorporation v. National Union Fire Ins. Co. of Pittsburgh, PA, CIV.A. No. 90-1866, 1992 WL 55742 (E.D. Pa. 1992).

Despite Mr. Silverstein's statements in his letter brief that Mrs. Castellano did not waive the privilege by filing a Counterclaim based on facts, some of which may have been

6

communicated to her by her counsel, courts have examined this issue and have held to the contrary.  The attorney client privilege is waived when a litigant "place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege against disclosure of such information would be manifestly unfair to the opposing party." Sax v. Sax, 136 F.R.D. 542, 543-544 (D. Mass. 1991)(quoting Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)); see also Johnston Development Group, Inc. v. Carpenters Local 1578, 130 F.R.D. 348, 354 (D.N.J. 1990).  The averments contained in the Counterclaim have been put in issue by Mrs. Castellano and her counsel, this information is not privileged, and Mrs. Castellano must answer any and all questions which seek the source of the facts underlying the Counterclaims in this lawsuit.

       Despite this analysis, Attorney Koresko should carefully craft his questions posed to Mrs. Castellano in a very careful and concise fashion when the deposition resumes so as not to violate any attorney-client privilege which Mrs. Castellano may hold.  Counsel shall also be mindful that the purpose of discovery is to aid in the collection of relevant and admissible information, and not for the pursuit of collateral, personal agendas.

       An appropriate Order follows.