**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGIONAL EMPLOYERS' ASSURANCE : 
LEAGUES VOLUNTARY EMPLOYEES' : 
BENEFICIARY ASSOCIATION TRUST, :       CIVIL ACTION
                                :
          Plaintiff,            :       NO. 03-6903
                                :
     v.                         :
                                :
GRETCHEN HUTTO CASTELLANO,      :
et al.,                         :
                                :
          Defendants            :
_____

GRETCHEN HUTTO CASTELLANO,      :
                                :
          Counterclaim Plaintiff, :
                                :
     v.                         :
                                :
REGIONAL EMPLOYERS' ASSURANCE :
LEAGUES VOLUNTARY EMPLOYEES' :
BENEFICIARY ASSOCIATION TRUST, :
et al.,                         :
                                :
          Counterclaim Defendants. :


**MEMORANDUM**

Jones, J.                                                      July 1, 2009

        Before the court is Plaintiff/Counterclaim Defendants' Motion to disqualify Ira

Silverstein, Esq. and Thorp Reed & Armstrong, P.C. as counsel for Gretchen Hutto Castellano

(Doc. No. 127) and Defendant/Counterclaim Plaintiff's Response in Opposition thereto (Doc.

No. 133).  For the reasons set forth below, the court will deny the Motion to Disqualify Counsel.

I.      **Background**

In his April 12, 2005, Memorandum denying Mrs. Castellano's motion to disqualify

counsel for Counterclaim Defendants, the late Judge Clifford Scott Green summarized the

background of this case as follows:

> Plaintiff/Counterclaim Defendant Regional Employers'
> Assurance Leagues Voluntary Employees' Beneficiary Association
> Trust ("REAL VEBA") initiated this action by filing a Praecipe for
> Writ of Summons in the Court of Common Pleas of Montgomery
> County of Pennsylvania.  Plaintiff then filed its Complaint for
> declaratory relief under the Pennsylvania Declaratory Judgment
> Act, 42 Pa. C.S.A. § 7532 et seq. and sought monetary damages
> regarding death benefits allegedly payable to Defendant Gretchen
> Hutto Castellano ("Mrs. Castellano").  Mrs. Castellano
> subsequently removed this action to federal court based on its
> federal subject matter, i.e., ERISA.  This matter is essentially a
> contract dispute over the interpretation of provisions in trust and
> plan documents relating to the death benefits payable to Mrs.
> Castellano upon the death of her husband, Dominic M. Castellano
> ("Dr. Castellano").  These benefits are payable out of the REAL
> VEBA welfare benefit plan and are administrated by PennMont
> Benefit Services, Inc. ("PennMont").
>
> Dr. Castellano died on June 17, 2003.  Mrs. Castellano
> notified the Counterclaim Defendants of her husband's death on
> July 7, 2003.  In response to Mrs. Castellano's claim, Counterclaim
> Defendants mailed Mrs. Castellano a Settlement Agreement in
> which they gave Mrs. Castellano two options: 1) she could accept
> the $750,000 in death benefits in annual payments over the course
> of ten years; or (2) she could accept the death benefits in a lump
> sum discounted to present value ($597,560.14).  Plaintiff required
> Mrs. Castellano to sign a release as a condition of receiving any
> benefits. Mrs. Castellano's counterclaim is based on the contention
> that she is entitled to a lump sum payment of $750,000 under the
> Plan's terms.

(Mem. & Order, Apr. 12, 2005, 1-3.)

Today the court addresses another motion to disqualify counsel – this time filed by

Plaintiffs/Counterclaim Defendants who seek disqualification of counsel for Mrs. Castellano. The instant Motion to Disqualify Counsel was filed on August 15, 2007.  (Doc. No. 127.)  Mrs. Castellano filed her Response on August 29, 2007.  (Doc. No. 133.)  The Motion to Disqualify Counsel and the parties' cross-motions for summary judgment, which also were filed in August 2007, were set aside while the parties attempted settlement.  Judicial officers have made several unsuccessful attempts to help the parties reach an amicable resolution of this matter, which is currently in its sixth year of litigation and which shows no sign of resolution.  The court soon will turn to the pending cross-motions for summary judgment.

## II.   Standard of Review

A district court should grant a motion to disqualify counsel "only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).  In making such a determination, the district court "should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." Id.  Even if the court finds that an attorney violated a disciplinary rule, "disqualification is never automatic." Id.

In this district, motions to disqualify are an "extreme sanction" that should not be imposed lightly.  Shade v. Great Lakes Dredge & Dock Co., 72 F.Supp.2d 518, 520 (E.D. Pa. 1999).  "The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible.  Vague and unsupported allegations are not sufficient to meet this standard." Cohen v. Oasin, 844 F.Supp. 1065, 1067 (E.D. Pa. 1994).

III.     **Discussion**

    A.     <u>Conflict of Interest with STEP</u>

The moving parties argue that Mrs. Castellano's counsel should not represent Mrs. Castellano and STEP Plan Services, Inc. ("STEP") concurrently.  Mrs. Castellano's counsel represent STEP in cases pending in other courts against the Counterclaim Defendants.  (<u>See</u> Mot. to Disqualify Counsel 6-7  (referring to <u>STEP Plan Services, Inc. v John Koresko, V</u>, (Civ. No. 2004-7718), which is pending in the Philadelphia County Court of Common Pleas, and <u>Sanchez and Daniels v. STEP Plan Services, Inc.</u>, (Civ. No. 03-1550) (N.D. Ill.)).)  The moving parties allege that Mr. Silverstein has compromised his loyalty to Mrs. Castellano to further the interests of his other client, STEP.

The Local Rules of the United States District Court for the Eastern District of Pennsylvania incorporate the Pennsylvania Rules of Professional Conduct, which the Supreme Court of Pennsylvania has adopted.  <u>See</u> E.D. Pa. Local R. 83.6(IV)(B).  Rule 1.7 of the Pennsylvania Rules provides as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide

competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent.

Pa. R. P. C. 1.7.

Mr. Silverstein has filed an affidavit specifically representing to the court that no conflict exists because of his representation of Mrs. Castellano and STEP in different judicial proceedings.  (Castellano's Resp. in Opp'n to Mot. to Disqualify Counsel, Ex. 4, Aff. of Ira B. Silverstein, Esq., Aug. 29, 2007 ("Silverstein Aff. I") ¶ 16.)  Mr. Silverstein has also filed a second affidavit in which he details how Mrs. Castellano and STEP have provided informed consent to his concurrent representation of them.  (Doc. No. 187, Aff. of Ira B. Silverstein, Esq., June 29, 2009 ("Silverstein Aff. II") ¶¶ 6-11.)

Upon review of the record in this matter, the court is unwilling to find that this case presents a significant risk that the representation of Mrs. Castellano will be materially limited by Mr. Silverstein's responsibilities to STEP or Mr. Silverstein personal interests.  Pa. R. P. C. 1.7(a)(2).  The arguments of the moving parties and the affidavit of the moving parties' attorney do not convince the court that a conflict of interest exists between Mrs. Castellano and STEP or that Mr. Silverstein is pursuing a personal campaign against the Counterclaim Defendants.  (See Mot. to Disqualify Counsel, Ex. 1, Aff. of Virginia I. Miller, Esq. ¶ 14.)  Furthermore, the moving parties have not demonstrated that Mr. Silverstein's continued representation of Mrs. Castellano would be impermissible.  See Cohen, 844 F.Supp. at 1067.  Even assuming,

*arguendo*, that Mr. Silverstein's representation of STEP does materially limit his responsibilities

to Mrs. Castellano, the affidavits Mr. Silverstein has filed satisfy the court that Mr. Silverstein

has met the requirements for continued representation under Rule 1.7(b).  He has sworn to his

belief that no conflict exists, and the court does not find that belief to be unreasonable.

Furthermore, each affected client has provided informed consent.  Without a concurrent conflict

of interest and with each of the affected parties' consent to joint representation, the court will not

disqualify Mrs. Castellano's counsel from continued representation.

      B.     <u>Potential Trial Witness</u>

      The moving defendants argue that Mr. Silverstein should be disqualified from further

representation of Mrs. Castellano because he is a potential trial witness on the counterclaims.

They allege that Mr. Silverstein provided Mrs. Castellano with information regarding the conduct

alleged in her counterclaim and that Mr. Silverstein is subject to examination as a witness.

      According to the Pennsylvania Rules of Professional Conduct,

> (a) A lawyer shall not act as advocate at a trial in which the lawyer
> is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal
> > services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial
> > hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer
> in the lawyer's firm is likely to be called as a witness unless
> precluded from doing so by Rule 1.7 or Rule 1.9.

Pa. R. P. C. 3.7.

The court shall not disqualify Mr. Silverstein on the basis of Rule 3.7. The court is not convinced that Mr. Silverstein "is likely to be a necessary witness." Pa. R. P. C. Rule 3.7(a). Furthermore, the court finds that disqualification of Mr. Silverstein and his firm as counsel to Mrs. Castellano after years of complex and protracted litigation would work a substantial hardship on Mrs. Castellano. Pa. R. P. C. Rule 3.7(a) (3).

C.      Solicitation of Clients

The moving parties allege that Mr. Silverstein violated Pa. R. P. C. 7.3 by directly soliciting Mrs. Castellano as a client. The court finds that the evidence presented by the moving parties does not so demonstrate. (See Mot. to Disqualify Counsel 22-24, Excerpt from Castellano Dep., July 11, 2007.) Furthermore, Mr. Silverstein has sworn that Mrs. Castellano was referred to him by her former counsel, the law firm Reed Smith, LLP, and he did not solicit her as a client. (Silverstein Aff. I ¶¶ 3-8; Silverstein Aff. II ¶ 4.) The court shall not disqualify Mr. Silverstein on the basis of the moving parties' solicitation allegation.

D.      Violation of Other Rules of Professional Conduct

The moving parties argue that Mr. Silverstein violated various rules of professional conduct by filing counterclaims on behalf of Mrs. Castellano in this matter. (See Mot. to Disqualify Counsel 25-31 (alleging violations of Pa. R. P. C. 3.1, 3.3, 4.1, 4.4, & 8.4).) They allege that Mrs. Castellano's counterclaims are devoid of any factual predicate and that Mr. Silverstein's conduct in this matter is prejudicial to the administration of justice.

At this stage of the litigation, the court is not permitted to engage in fact-finding regarding the allegations in Mrs. Castellano's counterclaim. Such fact-finding is reserved for trial. The court shall consider the factual basis for Mrs. Castellano's counterclaims when it

reviews the cross-motions for summary judgment.  Based on the record as it exists today, the court finds no support for the moving parties' allegations of assorted ethical violations by Mrs. Castellano's counsel.

**IV.     Conclusion**

The court will deny the motion to disqualify counsel.  An appropriate Order follows.